861 So.2d 447 (2003)
DEERBROOKE INVESTMENTS, INC., Appellant,
v.
FLORIDA DEPARTMENT OF REVENUE, Appellee.
No. 4D01-5043.
District Court of Appeal of Florida, Fourth District.
September 10, 2003.
Rehearing Denied November 26, 2003.
Kenneth M. Hart and Nicole Nugan of Gunster, Yoakley & Stewart, P.A., West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, and Nicholas Bykowsky, Assistant Attorney General, Tallahassee, for appellee.
STONE, J.
Deerbrooke Investments, Inc. ("Deerbrooke") appeals an order of the Florida Department of Revenue ("the department") imposing an assessment of state sales and use taxes. We reverse in part and affirm in part.
Deerbrooke is a Panamanian company which operates cruises from the Port of Palm Beach "to nowhere" (a little farther than three miles from shore) and back for the purpose of gambling outside of Florida territorial waters. The cruises are conducted twice daily, seven days a week. The department conducted a tax audit of Deerbrooke for the audit period of January 1, 1997 through November 30, 1998 and, as a result, assessed Deerbrooke with unpaid sales and use taxes in the amount of $1,174.831.03, plus penalties and interest, through December 30, 1999. The sales and use tax assessments were on: (1) revenues received from concessionaires pursuant to their rental agreements; (2) gaming equipment leased; (3) food which was prepared for and consumed by passengers aboard the vessel; and (4) rented real property located in Palm Beach county.
Deerbrooke contends that, because its vessel traveled to a point outside of U.S. territorial waters, it was engaged in foreign commerce for which Deerbrooke would not be subject to Florida tax pursuant to section 212.05, Florida Statutes. Under this provision, Florida sales and use tax is levied on anyone who, *448 engages in the business of selling tangible personal property at retail in this state, including the business of making mail order sales, or who rents or furnishes any of the things or services taxable under this chapter, or who stores for use or consumption in this state any item or article of tangible personal property as defined herein and who leases or rents such property within the state.
§ 212.05, Fla. Stat. (2001).
Section 212.08, Florida Statutes, allows a partial exemption for vessels engaged in both intrastate and interstate or foreign commerce.[1] Vessels used exclusively in intrastate commerce do not qualify for proration of the tax. Vessels used exclusively in interstate or foreign commerce are completely exempt from Florida's sales and use tax. The partial exemption is computed based on the ratio of miles traveled within Florida and its territorial waters, as a percentage of the total miles traveled in interstate or foreign commerce. This ratio determines the portion of the vessel's taxable activity which is subject to Florida's use tax. § 212.05, Fla. Stat. (2001).
Deerbrooke contends that its "cruise to nowhere" constitutes purely foreign commerce, while the department asserts that it is purely intrastate commerce. However, in New Sea Escape Cruises, Ltd. v. Florida Department of Revenue, 823 So.2d 161, 163 (Fla. 4th DCA 2002), rev. granted, 845 So.2d 889 (Fla.2003), we recognized that the purpose of the tax according to section 212.05, Florida Statutes, was to tax those conducting business "in this state." Thus, the mileage accrued outside Florida waters during New Sea Escape's cruises to nowhere could not be taxed as "Florida mileage" under section 212.05 and required proration.
We recognize that in New Sea Escape, the taxpayer argued that it was entitled to a partial exemption, whereas Deerbrooke claims a total exemption. Nevertheless, we conclude, applying New Sea Escape, that the lease of gaming equipment for use on board the Princess, along with revenue received from gift shop and photography concessionaires as rent, should be prorated under section 212.08(8).
Deerbrooke seeks to distinguish New Sea Escape as involving a proration with a portion of the trip in interstate commerce whereas, here, it claims to be involved in foreign commerce.
However, in cruising over three miles off of the coast, Deerbrooke did not travel outside U.S. waters as U.S. territorial limits have been extended beyond their three-mile limit to twelve miles by presidential proclamation.[2] The First District echoed this conclusion in Dream Boat, Inc. v. Department of Revenue, 2003 WL 1560175, *449 ___ So.2d ___ (Fla. 1st DCA 2003), holding that U.S. territorial waters extended twelve miles from coast pursuant to presidential proclamation and, as such, Dream Boat was not engaged in foreign commerce where it did not travel beyond the twelve mile boundary. However, even if Deerbrooke had been in international waters on its cruises to nowhere, we conclude that a vessel that remains in the state's port and profits from daily cruising just outside of the state's territorial waters and back does not interfere with foreign commerce and raises no concern that foreign nations would feel the need to retaliate. Cf. Japan Line, Ltd. v. Cty. of Los Angeles, 441 U.S. 434, 99 S.Ct. 1813, 60 L.Ed.2d 336 (1979).
Dream Boat notes conflict with New Sea Escape. The First District held that Dream Boat was not entitled to even a partial exemption because there was no foreign or interstate commerce; the cruises to nowhere were engaged purely in intrastate commerce. We note that this court, in holding that Sea Escape was entitled to a partial exemption, did not expressly rely on the interstate/foreign commerce argument to do so. This conflict will soon be resolved by the supreme court which granted review of New Sea Escape, on May 15, 2003.
Until then, we conclude that, with respect to the sales and use taxes, the department erred in deciding that Deerbrooke did not qualify for a partial exemption on the shipboard concessions and gambling equipment. Therefore, as to those taxes, we reverse and remand for proration in accordance with New Sea Escape.
As to other matters raised, including the taxes imposed on the lease of real property and on the cost of food purchased for meals consumed on board by passengers, we affirm.
FARMER, C.J. concurs.
WARNER, J., concurs specially with opinion.
WARNER, J., concurs specially.
I concur because of New Sea Escape Cruises, Ltd. v. Florida Department of Revenue, 823 So.2d 161, 163 (Fla. 4th DCA 2002), rev. granted, 845 So.2d 889 (Fla. 2003). Were we writing on a clean slate, I would agree with Dream Boat, Inc. v. Department of Revenue, 2003 WL 1560175, ___ So.2d ___ (Fla. 1st DCA 2003).
NOTES
[1] Section 212.08(8)(a) provides for a partial exemption from taxation for vessels engaged in interstate or foreign commerce:

The sale or use of vessels and parts thereof used to transport persons or property in interstate or foreign commerce, including commercial fishing vessels, is subject to the taxes imposed in this chapter only to the extent provided herein. The basis of the tax shall be the ratio of intrastate mileage to interstate or foreign mileage traveled by the carrier's vessels which were used in interstate or foreign commerce and which had at least some Florida mileage during the previous fiscal year.... This ratio shall be applied each month to the total Florida purchases of such vessels and parts thereof which are used in Florida to establish that portion of the total used and consumed in intrastate movement and subject to the tax at the applicable rate.... Vessels and parts thereof used exclusively in intrastate commerce do not qualify for the proration of tax.
§ 212.08, Fla. Stat. (2001)(emphasis added).
[2] No. 5928, 54 Fed.Reg. 777 (Dec. 27, 1988).